UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KENNETH GRAFTON,

Plaintiff,

- against -

NASSAU COUNTY CORRECTIONAL FACILITY; MICHAEL J. SPOSATO, Commissioner; ANTHONY J. LAROCCO, Sheriff; CORRECTIONS OFFICER KREIN; CORRECTIONS OFFICER SAILOR,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
2:26-CV-5226 (PKC) (JMW)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Kenneth Grafton, currently incarcerated at the Nassau County Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), claiming that Defendants Nassau County Correctional Facility, Commissioner Michael J. Sposato, Sheriff Anthony J. Larocco, and Corrections Officers Krein and Sailor[1] have a policy and practice of denying prison grievance claims on the merits (Compl., Dkt. 1, at ECF[2] 4, 8–9.) Plaintiff seeks $5,000,000 in damages. (*Id.* at ECF 5.) On August 24, 2026, Plaintiff moved to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) For the reasons explained herein, Plaintiff's request to proceed IFP is granted, but the Court dismisses the Complaint for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court may dismiss a *pro se* action

[1] The Complaint does not provide first names for either Defendants Krein or Sailor.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

*sua sponte* under certain circumstances. A court shall dismiss an IFP action under 28 U.S.C. § 1915(e)(2)(B) where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

At the same time, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).

**DISCUSSION**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. A plaintiff cannot raise a Section 1983 claim against a defendant where the plaintiff "fails to plead any facts to show that these defendants had any personal involvement in the alleged violations asserted in his complaint." *See Diggs v. DeBlasio*, No. 19-CV-3311 (PKC) (LB), 2019 WL 3281014, at *3 (E.D.N.Y. July 18, 2019). Here, Plaintiff offers no allegations concerning the conduct of Defendants Krein and Sailor to support his claim that they denied his grievances as a matter of policy. And although Plaintiff attaches to his Complaint grievances that were denied, Plaintiff does not offer legible scans of these grievances such that the Court can determine whether Defendants Krein and Sailor were the individuals who "denied on the merits" all of the grievances

that Plaintiff filed. (*See* Compl., Dkt. 1, at ECF 4, 6–16.) Moreover, Plaintiff offers no allegations whatsoever concerning the conduct of Defendants Sposato and Larocco. Accordingly, Plaintiff cannot sustain a claim against Defendants Sposato, Larocco, Krein, and Sailor.

Nor has Plaintiff alleged a cognizable violation of his rights. To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Courts in the Second Circuit have held that "a prisoner has no constitutional right to a prison grievance procedure or to have his grievances investigated." *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (collecting cases); *accord Henry v. Doe*, No. 19-CV-10153 (CM), 2020 WL 209091, at *8 (S.D.N.Y. Jan. 10, 2020). Accordingly, Plaintiff cannot allege a Section 1983 action based on Defendants' alleged denials of his grievances. And to the extent that Plaintiff attempts to assert "negligence, negligence in training and supervision," those claims are not cognizable under Section 1983, as they are not rights secured by the Constitution or U.S. law. Plaintiff's other claimed violations of his due process rights, "freedom of speech" rights, as well as his assertions of "deliberate indifference, cruel and unusual punishment," and "discrimination of those incarcerated," are utterly unsupported by any factual allegations in the Complaint.[3] (Compl., Dkt. 1, at ECF 4.)

---

[3] Plaintiff's Complaint instead attaches grievances seemingly related to another case he has filed before this court, *Grafton v. Nassau County Health Care Corporation*, 26-CV-5376 (PKC) (JMW) (E.D.N.Y. Aug. 31, 2026), Dkt. 1, concerning deliberate indifference to his medical needs and violations of the Health Insurance Portability and Accountability Act ("HIPAA"). (*See* Compl., Dkt. 1, at ECF 6, 8, 10, 14, 15.)

Finally, Plaintiff cannot assert claims against Nassau County Correctional Facility, because it is an administrative arm of a municipality and cannot be sued under Section 1983. *See Dennis v. Nassau Cnty. Corr. Ctr.*, No. 19-CV-4041 (KAM) (LB), 2020 WL 2836769, at *2 (E.D.N.Y. June 1, 2020) (explaining that Nassau County Correctional Facility cannot be sued under Section 1983).

**LEAVE TO AMEND**

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . . "); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sep. 15, 2022) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because the Court concludes that a liberal reading of the Complaint gives no indication that a valid claim may be stated, the Court denies leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's IFP Motion and dismisses Plaintiff's Complaint for failure to state a claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 6, 2026
Brooklyn, New York